UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE NEW YORK TIMES,                                      :
                                                          :   Case No.: 1:17-cv-06178 (RWS)(HBP)
                        Plaintiff,                        :
                                                          :
            v.                                            :
                                                          :
NEWSPAPER AND MAIL DELIVERERS' -                          :
PUBLISHERS' PENSION FUND,                                 :
                                                          :
                        Defendant.                        :
                                                          :
------------------------------------------------------------------ :
NEWSPAPER AND MAIL DELIVERERS' -                          :
PUBLISHERS' PENSION FUND and THE BOARD :      Case No.: 1:17-cv-06290 (RWS)(HBP)
OF TRUSTEES OF THE NEWSPAPER AND MAIL :
DELIVERERS' - PUBLISHERS' PENSION FUND,   :
                                                          :
                        Plaintiffs,                       :
                                                          :
            v.                                            :
                                                          :
THE NEW YORK TIMES COMPANY,                               :
                                                          :
                        Defendant.                        :
-------------------------------------------------------------------x

### DECLARATION OF MAX GARFIELD, ESQ.

I, Max Garfield, Esq., an attorney admitted to practice in the State of New York, hereby declare as follows: I am an attorney-at-law admitted to practice in this Court.

1.      I am a Special Counsel at Schulte Roth & Zabel LLP, counsel to the Newspaper and Mail Deliverers'-Publishers' Pension Fund and its Board of Trustees (collectively, the "Fund") in the above-captioned consolidated cases, and I make this declaration in support of their Cross-Motion for Summary Judgment and in Opposition to the New York Times Company's (the "Times") Motion for Summary Judgment, based on my personal knowledge of the facts stated herein.

2.      Attached as Exhibit 1 is the Interim Opinion and Award, dated June 14, 2016, issued by Arbitrator Mark L. Irvings in the underlying arbitration between the Fund and the Times, conducted under the auspices of the American Arbitration Association, Case No. 01 14 0000 1433 (the "Arbitration").

3.      Attached as Exhibit 2 is the Final Ruling on Interest, dated July 12, 2017, issued by Arbitrator Irvings in the Arbitration.

4.      Attached as Exhibit 3 is a true and correct copy of the transcript of the hearings held during the Arbitration.

5.      Attached as Exhibit 4 is a true and correct copy of the collective bargaining agreement between the Newspaper and Mail Deliverers' Union of New York and Vicinity (the "Union") and the Times, which was admitted into evidence as Exhibit 8 in the Arbitration.

6.      Attached as Exhibit 5 is a true and correct copy of a memorandum of agreement between the Union and the Times, entered into on January 26, 1984, which was admitted into evidence as Exhibit 78 in the Arbitration.

7.      Attached as Exhibit 6 is a true and correct copy of a memorandum of agreement between the Union and the Times, entered into on August 31, 1988, which was admitted into evidence as Exhibit 59 in the Arbitration.

8.      Attached as Exhibit 7 is a true and correct copy of a memorandum of agreement between the Union and the Times, entered into on May 16, 1992, which was admitted into evidence as Exhibit 60 in the Arbitration.

9.      Attached as Exhibit 8 is a true and correct copy of a memorandum of agreement between the Union and the Times, entered into on December 6, 1996, which was admitted into evidence as Exhibit 31 in the Arbitration.

10.    Attached as Exhibit 9 is a true and correct copy of a memorandum of agreement between the Union and the Times, entered into on November 17, 1998, which was admitted into evidence as Exhibit 80 in the Arbitration.

11.    Attached as Exhibit 10 is a true and correct copy of a memorandum of agreement between the Union and the Times, entered into on December 8, 2005, which was admitted into evidence as Exhibit 81 in the Arbitration.

12.    Attached as Exhibit 11 is a true and correct excerpt of the collective bargaining agreement between the Union and Newark Newsdealer Supply Company, Raritan Periodical Sales, S. Rachles, Inc., Hackensack News Co., Rockland News Company, Inc., Standard News Company, Inc., Gaynor News Company, Inc., Hudson County News Co., Passaic County News Company, and Bay News Distributors, Inc., effective from June 1, 1984 through May 31, 1987, which except was admitted into evidence as Exhibit 82 in the Arbitration.

13.    Attached as Exhibit 12 is a true and correct copy of a memorandum of agreement between the Union and City & Suburban Delivery Systems, Inc., entered into on December 8, 2005, which was admitted into evidence as Exhibit 84 in the Arbitration.

14.    Attached as Exhibit 13 is a true and correct copy of the Fund's Plan document, amended and restated effective June 1, 2008, which was admitted into evidence as Exhibit 62 in the Arbitration.

15.    Attached as Exhibit 14 is a true and correct copy of the Fund's Summary Plan Description, amended and restated effective June 1, 2004, which was admitted into evidence as Exhibit 112 in the Arbitration.

16.    Attached as Exhibit 15 is a true and correct copy of a rate reduction control sheet, revised March 23, 2011, which was admitted into evidence as Exhibit 30 in the Arbitration.

17.     Attached as Exhibit 16 is a true and correct copy of a letter to the Times from the Fund dated September 13, 2013 regarding the Times's Partial Withdrawal: Notice and Demand for Payment, which was admitted into evidence as Exhibit 1 in the Arbitration.

18.     Attached as Exhibit 17 is a true and correct copy of the Times's Demand for Arbitration regarding Withdrawal Liability, dated April 14, 2014, which was admitted into evidence as Exhibit 110 in the Arbitration.

19.     Attached as Exhibit 18 is a true and correct copy of the expert report of Dr. Ethan Kra, dated November 17, 2014, which was admitted into evidence as Exhibit 11 in the Arbitration.

20.     Attached as Exhibit 19 is a true and correct copy of a letter, dated December 23, 2014, from the Fund's counsel to the Times's counsel regarding the Fund's second assessment of partial withdrawal liability, which was admitted into evidence as Exhibit 2 in the Arbitration.

21.     Attached as Exhibit 20 is a true and correct copy of a memorandum, dated January 6, 1995, from John Urbank to the Fund's Director regarding the calculation of withdrawal liability for Brooklyn News Company, which was admitted into evidence as Exhibit 97 in the Arbitration.

22.     Attached as Exhibit 21 is a true and correct copy of a memorandum, dated January 23, 1995, from John Urbank and Cecilia Villar to the Fund's Director regarding the calculation of withdrawal liability for Passaic Evening Journal, which was admitted into evidence as Exhibit 98 in the Arbitration.

23.     Attached as Exhibit 22 is a true and correct copy of a memorandum, dated September 10, 1996, from John Urbank and Rosana Egan to the Fund's Director regarding the calculation of the preliminary withdrawal liability for Raritan Periodical Sales, which was admitted into evidence as Exhibit 99 in the Arbitration.

24.    Attached as Exhibit 23 is a true and correct copy of a memorandum, dated September 24, 1996, from John Urbank and Rosana Egan to the Fund's Director regarding the re-calculation of withdrawal liability for Daily Racing Form, which was admitted into evidence as Exhibit 100 in the Arbitration.

25.    Attached as Exhibit 24 is a true and correct copy of a memorandum, dated September 25, 1996, from John Urbank and Rosana Egan to the Fund's Director regarding the re-calculation of withdrawal liability for Passaic County News, which was admitted into evidence as Exhibit 101 in the Arbitration.

26.    Attached as Exhibit 25 is a true and correct copy of a Report on Employer Withdrawal Liability for JALT Corporation, which was admitted into evidence as Exhibit 102 in the Arbitration.

27.    Attached as Exhibit 26 is a true and correct copy of a Report on Employer Withdrawal Liability for withdrawal in the year ended May 31, 2008 for Dow Jones, which was admitted into evidence as Exhibit 103 in the Arbitration.

28.    Attached as Exhibit 27 is a true and correct copy of the 267th Minutes of the Meeting of the Board of Trustees of the Fund and its agenda, dated October 11, 2011, which was admitted into evidence as Exhibit 140 in the Arbitration.

29.    Attached as Exhibit 28 is a true and correct copy of the Minutes of the Meeting of the Board of Trustees of the Fund and of the Publishers'-Newspaper and Mail Deliverers' Welfare Fund (the "Welfare Fund") and the meeting's agenda, dated August 27, 2014, which was admitted into evidence as Exhibit 151 in the Arbitration.

30.    Attached as Exhibit 29 is a true and correct copy of the Fund's 2002 Form 5500 for the fiscal plan year beginning June 1, 2002 and ending May 31, 2003, which was admitted into evidence as Exhibit 65 in the Arbitration.

31.     Attached as Exhibit 30 is a true and correct copy of the Fund's 2003 Form 5500 for the fiscal plan year beginning June 1, 2003 and ending May 31, 2004, which was admitted into evidence as Exhibit 66 in the Arbitration.

32.     Attached as Exhibit 31 is a true and correct copy of the Fund's 2004 Form 5500 for the fiscal plan year beginning June 1, 2004 and ending May 31, 2005, which was admitted into evidence as Exhibit 67 in the Arbitration.

33.     Attached as Exhibit 32 is a true and correct copy of the Fund's 2005 Form 5500 for the fiscal plan year beginning June 1, 2005 and ending May 31, 2006, which was admitted into evidence as Exhibit 68 in the Arbitration.

34.     Attached as Exhibit 33 is a true and correct copy of the Fund's 2006 Form 5500 for the fiscal plan year beginning June 1, 2006 and ending May 31, 2007, which was admitted into evidence as Exhibit 69 in the Arbitration.

35.     Attached as Exhibit 34 is a true and correct copy of the Fund's 2007 Form 5500 for the fiscal plan year beginning June 1, 2007 and ending May 31, 2008, which was admitted into evidence as Exhibit 70 in the Arbitration.

36.     Attached as Exhibit 35 is a true and correct copy of the Fund's 2008 Form 5500 for the fiscal plan year beginning June 1, 2008 and ending May 31, 2009, which was admitted into evidence as Exhibit 71 in the Arbitration.

37.     Attached as Exhibit 36 is a true and correct copy of the Fund's 2009 Form 5500 for the fiscal plan year beginning June 1, 2009 and ending May 31, 2010, which was admitted into evidence as Exhibit 72 in the Arbitration.

38.     Attached as Exhibit 37 is a true and correct copy of the Fund's 2010 Form 5500 for the fiscal plan year beginning June 1, 2010 and ending May 31, 2011, which was admitted into evidence as Exhibit 73 in the Arbitration.

39.     Attached as Exhibit 38 is a true and correct copy of the Fund's Amended 2010 Form 5500 for the fiscal plan year beginning June 1, 2010 and ending May 31, 2011, which was admitted into evidence as Exhibit 74 in the Arbitration.

40.     Attached as Exhibit 39 is a true and correct copy of the Fund's 2011 Form 5500 for the fiscal plan year beginning June 1, 2011 and ending May 31, 2012, which was admitted into evidence as Exhibit 75 in the Arbitration.

41.     Attached as Exhibit 40 is a true and correct copy of the Fund's 2012 Form 5500 for the fiscal plan year beginning June 1, 2012 and ending May 31, 2013, which was admitted into evidence as Exhibit 76 in the Arbitration.

42.     Attached as Exhibit 41 is a true and correct copy of the Minutes of the 265th Meeting of the Board of Trustees of the Fund, dated September 24, 2010, which was admitted into evidence as Exhibit 45 in the Arbitration.

43.     Attached as Exhibit 42 is a true and correct copy of the Minutes of the 264th Meeting of the Board of Trustees of the Fund, dated May 19, 2010, which was admitted into evidence as Exhibit 51 in the Arbitration.

44.     Attached as Exhibit 43 is a true and correct copy of an email, dated July 31, 2013, attaching the annual per shift contribution rates the Times was required to make to the Fund and to the Welfare Fund from 2003 - 2013, which was admitted into evidence as Exhibit 42 in the Arbitration.

45.     Attached as Exhibit 44 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2006, prepared by the Segal Company, which was admitted into evidence as Exhibit 20 in the Arbitration.

46.     Attached as Exhibit 45 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2007, prepared by the Segal Company, which was admitted into evidence as Exhibit 21 in the Arbitration.

47.     Attached as Exhibit 46 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2008, prepared by the Segal Company, which was admitted into evidence as Exhibit 22 in the Arbitration.

48.     Attached as Exhibit 47 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2009, prepared by the Segal Company, which was admitted into evidence as Exhibit 23 in the Arbitration.

49.     Attached as Exhibit 48 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2010, prepared by the Segal Company, which was admitted into evidence as Exhibit 24 in the Arbitration.

50.     Attached as Exhibit 49 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2011, prepared by the Segal Company, which was admitted into evidence as Exhibit 25 in the Arbitration.

51.     Attached as Exhibit 50 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2012, prepared by the Segal Company, which was admitted into evidence as Exhibit 26 in the Arbitration.

52.     Attached as Exhibit 51 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2013, prepared by the Segal Company, which was admitted into evidence as Exhibit 27 in the Arbitration.

53.     Attached as Exhibit 52 is a true and correct copy of the Fund's Actuarial Valuation and Review as of June 1, 2005, prepared by the Segal Company, which was admitted into evidence as Exhibit 85 in the Arbitration.

54.     Attached as Exhibit 53 is a true and correct copy of the Minutes of the Meeting of the Board of Trustees of the Fund and of the Welfare Fund, dated September 12, 2013, which was admitted into evidence as Exhibit 145 in the Arbitration.

55.     Attached as Exhibit 54 is a true and correct copy of the Minutes of the Special Meeting of the Board of Trustees of the Fund, dated October 30, 2013, which was admitted into evidence as Exhibit 146 in the Arbitration.

56.     Attached as Exhibit 55 is a true and correct copy an email, dated June 2, 2011, regarding NON and SCK shifts attributed to certain earnings codes, attaching a spreadsheet, which was admitted into evidence as Exhibit 117 in the Arbitration.

57.     Attached as Exhibit 56 is a true and correct copy of the agreement, dated November 20, 2008, between the Union and the Times regarding the closure of City & Suburban Delivery Systems, Inc., which was admitted into evidence as Exhibit 55 in the Arbitration.

58.     Attached as Exhibit 57 is a true and correct copy of the Times's September 8, 2008 Form 8-K/A, which was admitted into evidence as Exhibit 38 in the Arbitration.

59.     Attached as Exhibit 58 is a true and correct copy of a "Shutdown Costs" spreadsheet, which was admitted into evidence as Exhibit 54 in the Arbitration.

60.     Attached as Exhibit 59 is a true and correct copy of the Fund's November 18, 2016 Brief submitted to the Arbitrator in the Arbitration in advance of the Arbitrator's Interim Ruling on Interest.

61.     Attached as Exhibit 60 is a true and correct copy of the Interim Ruling on Interest, dated December 24, 2016, issued by Arbitrator Irvings in the Arbitration.

62.     Attached as Exhibit 61 is a true and correct copy of the Complaint filed by the Fund against JALT Corporation, dated July 23, 2003, which was attached as Exhibit G to the

Fund's Opposition Brief to the Times's Renewed Motion for Interest on Overpaid Withdrawal Liability, dated June 9, 2017 (the "Opposition Brief").

63.     Attached as Exhibit 62 is a true and correct copy of the Complaint filed by the Fund against Passaic County News Co., dated February 2, 1996, which was attached by the Times as Exhibit A to the Times's Renewed Motion for Interest on Overpaid Withdrawal Liability, dated May 25, 2017.

64.     Attached as Exhibit 63 is a true and correct copy of the Complaint filed by the Fund against Daily Racing Form, Inc., dated August 26, 1996, which was attached by the Times as Exhibit B to the Times's Renewed Motion for Interest on Overpaid Withdrawal Liability, dated May 25, 2017.

65.     Attached as Exhibit 64 is a true and correct copy of the Agreement and Declaration of Trust Establishing the Fund, adopted as of February 20, 1956 and amended and restated, effective as of September 1, 1993, which was admitted into evidence as Exhibit 47 in the Arbitration.

66.     Attached as Exhibit 65 is a true and correct copy of the Minutes of the 263rd Meeting of the Board of Trustees of the Fund and its agenda, dated December 16, 2009, which was attached as Exhibit F to the Opposition Brief.

67.     Attached as Exhibit 66 is a true and correct copy of Minutes of the 269th Meeting of the Board of Trustees of the Fund and its agenda, dated February 22, 2013, which was attached as Exhibit K to the Opposition Brief.

68.     Attached as Exhibit 67 is a true and correct copy of the Affirmation of Elizabeth O'Leary, Esq., co-counsel to the Fund since in or about 2009, dated May 17, 2017, which was attached as Exhibit C to the Opposition Brief.

69.      Attached as Exhibit 68 is a true and correct copy of a letter from Arbitrator Irvings to Counsel, dated May 7, 2017, regarding privileged redactions in certain meeting minutes, which was attached as Exhibit D to the Opposition Brief.

70.      Attached as Exhibit 69 is a true and correct copy of the Affirmation of Elizabeth O'Leary, Esq., dated November 18, 2016, which was attached as Exhibit B to the Opposition Brief.

71.      Attached as Exhibit 70 is a true and correct copy of the Actuarial Standards Board's Actuarial Standard of Practice No. 27. "Selection of Economic Assumptions for Measuring Pension Obligations," adopted September 2007, which was admitted into evidence as Exhibit 10 in the Arbitration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 20, 2017
             New York, New York

                                        /s/ Max Garfield
                                        Max Garfield, Esq.